Sneed, J.,
delivered the opinion of the court.
A constable of Haywood county, having an execution in his hands in favor of J. II. Smith against PI. B. Smith, served a garnishment on the defendant Leonard to have a disclosure of his indebtedness to said execution debtor. *605 The defendant Leonard appeared before the justice on April 24, 1873, and, answered in these words: “I have this day purchased of said H. B.. Smith two bales of cotton amounting to $124.57, which amount I owe him.”
The justice rendered judgment discharging the garnishee, upon certain facts produced in evidence before him touching the ownership of the cotton, and the plaintiff appealed to the circuit court, where the matters in controversy were submitted to the court without the intervention of a jury, and the court gave the plaintiff a judgment against the garnishee for the amount thus admitted to be due in his answer.
The defendant H. B. Smith appealed in error. Upon the trial it was admitted by the plaintiff that the cotton so purchased of H. B. Smith by Leonard, the garnishee, was raised on the land of Sarah Smith, the wife of said H. B. Smith; that the said land was the sparate estate of the said Sarah; that the said cotton was cultivated and raised by the labor of the said Sarah, with the aid of her children and two hired servants; picked out by her and her children, and hauled to a neighboring gin, where it was ginned and baled; thai she sent it to Brownsville by her said husband, H. B. Smith, as her agent to sell, and with the proceeds to purchase certain supplies for herself and children, and to return the balance of the proceeds to her. That the said LI. B. Smith sold the cotton to the garnishee, Leonard, and that the fund in controversy was the proceeds of said cotton. It was agreed that witness should testify to these facts under the plaintiff’s exceptions to the relevancy of said testimony, and the facts were accordingly established by proof. The circuit judge being of opinion that the answer of the garnishee was conclusive upon all parties, held the testimony irrelevant, and rendered judgment against the garnishee and in favor of the plaintiff.
¥e think this judgment was erroneous. Our statute *606 provides that in such cases where the amount in controversy is less than fifty dollars, the answer of the garnishee is not conclusive, but the plaintiff may controvert any of the facts contained therein. Code, sec. 3103 [Shannon’s Code, sec. 4831.]
On the-other hand, it has been held in many adjudged cases that if the amount in controversy be more than fifty dollars, the answer of the garnishee is conclusive. But whom does it conclude, and as to- what is it conclusive? It is only conclusive as between the garnishor and garnishee, and not as to a stranger to the proceeding. Conner v. Allen, 3 Head, 424. If the garnishee answer that he has effects of the debtor in his hands, and the fact is so-, the plaintiff is entitled to judgment. If he answer that he has not, the garnishee must be discharged. "Was it intended by the rule that a third party might not intervene and show that the answer of the garnishee ivas founded in a mistake of fact, and that the money which he discovers as being in his hands, and which he believes to- be the money of the execution debtor, was, as a matter of fact, not his money, but that of some third person? Certainly not. Such a construction of the rule would be prolific of wrong and injustice, and cannot upon any principle be supported. In this case all the parties in interest are before the court, the plaintiff and the garnishee in person, and Mrs. Smith, the alleged owner of the fund by her agent, and there is no- necessity for a resort to any other forum to determine the rights of the parties. The inquiry before the co-urt in the words of the statute, are the effects discovered by the answer “liable for the plaintiff’s debt?” Code, 3092 [Shannon’s Code, sec. 4820.]
So soon as the property is declared to be the property of the defendant, says the statute, it shall be delivered up to the officer serving the garnishment. Code, sec. 3094 [Shannon’s Code, sec. 4822.] The policy of the law is to prevent a multiplicity o-f suits, and in aid of this policy *607 we have a special statute that requires of the circuit judge to adjudge certain cases upon equitable principles, without troubling the parties to resort to a special forum of equity jurisdiction. Code, sec. 4236 [Shannon’s Code, sec. 6074.] Whether this case is technically within the purview of that statute it is not necessary to determine. We do hold, however, that in this, as in all like cases, it must appear to the court that the effects or moneys discovered by the answer of the garnishee are in the language of the statute “liable to the plaintiff’s debt.” The doctrine that the answer of the garnishee is conclusive as between himself and the garnishor does not authorize the impounding of the property or money of a third party to. pay the plaintiff’s debt; and of this the coint must be satisfied. If it turn out that the garnishee is mistaken as to the ownership of the money, then he must he discharged.
Let the judgment be reversed, and final judgment entered here discharging the garnishment.