DeadeRICK, J.,
delivered the opinion of the Court.
In December, 1868, Rainey recovered a judgment for four hundred and sixty-five dollars and sixty-four cents against Allen Morris, before a Justice of Gibson county. Execution was issued 30th August, 1869, and the constable returned that no property of defendant was to be found, and that he had summoned J. "W". Pickier as garnishee to appear instanter before said Justice, to answer touching his indebtedness to said Morris.
The garnishee appeared before the Justice upon the said 30th August, 1869, and the Justice made the following indorsement on the notice to appear, which had been served on Pickier: “Answer, This day came J. W. Pickier, and stated on oath that he was indebted to Allen Morris by due-bill for three hundred dollars, entitled to some credits, amount not known, and date not recollected, August 30th, 1869.
~W. A. Allison, J. P.”
*337 Then follows this further entry:
“Judgment, September 2, 1869. This day the defendant Piclder came forward and stated that the amount due defendant Morris from him is two hundred and twenty-three dollars and ninety-three cents, 2d day of September, 1869, for which judgment is rendered against said defendant.
W. A. Allison, J. P.”
Execution was issued 30th December, 1839, by the Justice upon said judgment rendered against Pickier; and he filed his petition on Slst* December, 1869, and obtained a fiat from the Hon. W. P. Bond, Circuit Judge, to bring the case into the Law Court at Humboldt. A supersedeas was also granted to stay further proceedings upon the execution issued against him.
The petition admits that petitioner appeared before the Justice, 30th August, 1869, in obedience to the summons, and alleges that he stated upon his examination on oath before the magistrate, that Morris had a due-bill on him for three hundred dollars, and that he did not know the date of it, nor did he know whether said Morris had said due-bill in his possession, or still owned it; and that said Morris was indebted to him by account, but that he did not at that time know the amount of said account. He further states, that on the 2d September, 1869, he exhibited his account to the Justice, at his request, against said Monis; but that he did not at that time upon oath or otherwise admit that he was indebted to Morris. He *338 further states in his petition that neither the entry made ’on the 30th August, 1869, or that of 2d September, 1869, purporting to be his examination as a garnishee, was read over to him, or signed or approved by him. At the April Term, 1870, the plaintiff entered a motion to dismiss the petition, and at the same term the motion was overruled.
There was no error in overruling the motion to dismiss the petition.
If the facts stated in the petition were true, no judgment could have been legally rendered against him, and sufficient reasons for not' appealing are also shown in the petition.
The petition is in the nature of an affidavit for a new trial, and for the purpose of obtaining a re-hearing of the cause upon its merits, will be taken as true, unless contradicted by the record, or by the papers brought up from the inferior jurisdiction.
The plaintiff in error on his examination before the Justice of the Peace, on the 30th of August and 2d September, 1869, had, according to the statement of the Justice, admitted that he was indebted to Morris, the judgment debtor, in the sum of $223 93, and for this sum the Justice gave judgment against him.
Por the plaintiff in error it is insisted that the answers of the garnishee, upon his examination, should have been reduced to writing, and signed by him before they can be regarded as conclusive against him.
*339 Our statutes require that the garnishee shall he summoned in writing, and required to answer on oath:
1. "Whether he is, or was at the time of the garnishment, indebted to the defendant; if so, how, and to what amount.
2. Whether he had in his possession or under his control any property, debts, or effects belonging to the defendant, at the time of serving the notice; or has at the time of answering, or has had at any time between the date of service and the time of answering; and if so, the kind and amount.
3. Whether there are to his knowledge or belief, any and what property, debts and effects, in the possession or under the control of any other, and what, person.
It is well settled that if the answer does not contain admissions sufficient to charge him, the garnishee must be’ discharged; if it does, he will be made liable.
And it is not necessary in order to charge him, that he should admit in so many words, that he owes the defendant, but it will be sufficient if he admit facts which show his liability as a legal consequence.
The statute does not in terms require that the oath should be in writing, and signed by ibe garnishee.
It was held, however, in Foster v. Saffel, 1 Swan, 90, that as the answer is in itself conclusive upon the rights of the parties, it should be in writing, *340 and approved by tbe garnisb.ee. This, say the Court, “is material to the rights of the parties, that it may appear in a revising court whether the judgment rendered was authorized by the answer.”
The practice has not been uniform upon this subject.
It is essential to the administration of this law, that the answer of the garnishee should be clearly ascertained, and his approval of it distinctly shown.
In no mode can these objects be attained so satisfactorily, as by having the answer reduced to writing, and his approval and adoption of it attested by. his signature; and this we hold to be the proper practice.
"When this is done fully and understanding^, all controversy over the question as to what the garnishee did say, or whether he approved the answer, is excluded.
He cannot be permitted to answer so much as he may choose, and refuse to answer such questions as show a state of facts establishing his liability. If the answer is not full, or is otherwise imperfect, it may be amended upon interrogatories which the court will compel the garnishee to answer: 4Hum., 299.
This obligation to answer, is intended for the benefit of the judgment creditor, and for the purpose of eliciting the truth; and by the express terms of the statute such questions may be put to the garnishee, by the court .or justice, or the judgment creditor, as may tend to elicit the information sought: Code, 3089.
*341 But we do not understand this as authorizing the garnishee, after he has been once examined, and has had á fair and full opportunity to discharge himself, to come forward on his own motion and insist upon being re-examined.
It would lead to most pernicious consequences to allow him, after he had had a fair opportunity to discharge himself and had failed, to procure himself to be examined again.
If he failed to state any matter of defense upon his examination which would have exonerated him from liability, it was his own fault, and he should abide the consequences.
By the observance of the rules herein prescribed, the only question which can arise in the revising court will be, whether the judgment rendered by the justice or inferior court was authorized by the answer.
The Circuit Judge rendered judgment against plaintiff in error.
This was erroneous, as already indicated in this opinion, because his answer was not signed by him, and for the further reason that his indebtedness to Morris was by due-bill, which is negotiable, and it was not delivered, nor was any indemnity offered him against his liability thereon, as provided by sec. 3495 of the Code.
"We therefore reverse the judgment of the Circuit Court, and dismiss the cause at the cost of defendant in error.