WYLER, ACKERLAND & CO. *v.* BLEVINS.

(*Knoxville.*    September Term, 1904.)

1. **GARNISHMENT.** Proper practice where inconclusive answer
   of garnishee is indeterminate.

   Where the amount in controversy is less than one thousand dol-
   lars and the answer of the garnishee is indeterminate, the
   proper practice is, not to strike the answer, which is not conclu-
   sive, from the files, but to summon the garnishee before the
   court for further examination; and additional evidence may be
   heard if necessary to a full determination of the matter.

   Code cited and construed:   Sec. 4831 (S.); sec. 3816 (M. & V.);
   sec. 3103 (1858).

   Cases cited: Jones v. Pearce, 12 Heisk., 281-287; Moore v. Green,
   4 Humph., 301; Pickler v. Rainey, 4 Heisk., 340; Foster v. Saf-
   fell, 1 Swan, 90.

2. **SUPREME COURT.** May conduct examination of garnishee
   in aid of its final process.

   It is well settled that the supreme court has jurisdiction to con-
   duct an examination of a garnishee in aid of its final process and
   the examination will be had before the clerk of the court in
   the presence of counsel for the parties, and also of the defend-
   ant debtor, if he desires to intervene.

   Code cited and construed:   Sec. 6336 (S.); sec. 5253 (M. & V.);
   sec. 4503 (1858).

   Cases cited and approved:   Newman v. Justices, 1 Heisk., 787;
   McIntosh v. Paul, 6 Lea, 45; Dodds v. Duncan, 12 Lea, 733;
   Smith v. Leonard, 1 Tenn. Cas., 604.

Wyler, Ackerland & Co. v. Blevins.

## FROM SCOTT.

Appeal from the Chancery Court of Scott County.— HUGH G. KYLE, Chancellor.

LUCKY, SANFORD & FOWLER, and E. G. FOSTER, for Wyler, Ackerland & Co.

J. E. FULTON and YOUNG & PARKER, for Blevins.

TEMPLETON, LINDSAY & TEMPLETON, for Chandler, Garnishee.

MR. JUSTICE NEIL delivered the opinion of the Court.

Heretofore in this cause an execution was is sued, and by way of satisfying it a garnishment notice was issued, summoning G. W. Chandler to appear and answer touching his indebtedness to the defendant. He filed an answer which was indeterminate, indicating that he was probably not indebted to Blevins because of cross-claims of an unsettled amount, but also conveying the implication that an ascertainment of the amount of the cross-claims might probably leave him indebted to some amount. A motion is now filed to set aside this answer, accompanied by an affidavit of the original defendant, Blevins, showing that the cross-claims are now capable of exact ascertainment.

We have numerous cases in this State (cited in a note to section 4831 of Shannon's Code) holding that the an-

swer of the garnishee is conclusive. The section of the
Code, however, referred to, changes the rule as to
amounts less than $1,000, and declares that the answer
shall not be held conclusive as to such amounts.

The plaintiff in the execution is not bound by the an-
swer in the present case, the amount being less than
$1,000, and it is not necessary to strike the answer from
the files. The proper practice, under the facts now de-
veloped, is to summon the garnishee before the court for
a new examination. *Jones* v. *Pearce,* 12 Heisk., 281,
287; *Moore* v. *Green,* 4 Humph., 301; *Pickler* v. *Rainey,*
4 Heisk., 340; *Foster* v. *Saffell,* 1 Swan, 90. If necessary
to a full determination of the matter, other evidence
may be heard. Shannon's Code, section 4831. This court
may conduct such an examination in aid of its final pro-
cess. *Newman* v. *Justices,* 1 Heisk., 787; *McIntosh* v.
*Paul,* 6 Lea, 45; *Dodds* v. *Duncan,* 12 Lea, 733; Shan-
non's Code, section 6336.

The actual examination, of course, will be had before
the clerk of the court on reference made to him by the
court.

The motion to strike the answer from the files is de-
nied, but the plaintiffs have leave to summon Chandler
before the court for further and fuller examination, if
they so desire. In that event the examination will be
taken before the clerk of the court in the presence of the
counsel of both parties—that is, of the plaintiff and of
the garnishee—also of the debtor defendant if he desire
to intervene. *Smith* v. *Leonard,* 1 Tenn. Cas., 604, 606.