MONTGOMERY *v.* WOLFE.

(*Knoxville,* September Term, 1940.)

Opinion filed October 19, 1940.

G. W. CHAMLEE and G. W. CHAMLEE, JR., both of Chattanooga, for complainant.

JOHN H. EARLY, of Chattanooga, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainant filed her bill on January 10, 1940, and charged that defendant executed to her a promissory note for $100 on October 12, 1929, payable ninety days after date, which had not been paid; that it bore the legal rate of interest and provided for attorney's fees in case of suit; and that the defendant had endorsed on the back thereof the following, by way of mortgage or pledge to secure the payment of the note:

"I give for security in case of death or failure to pay this note, the following items,—

    1 (one)  Vanity Dresser;

    1 (one)  Cedar Chest;

    1 (one)  Cheffrette;

    1 (one)  Bed."

It was alleged that it was necessary to bring suit without further delay because the action would otherwise be barred by the statute on the 12th day of January, 1940. The prayer was for judgment for the note and interest and attorney's fees, and for an attachment on the personal property described, which had been left in possession

464

of the defendant in trust, etc., and for sale of this property to satisfy the debt. The return of the officer showed that the property described was not to be found in the county.

The chancellor sustained a demurrer and dismissed the bill holding that the ten-year statute, obviously relied on by complainant, referred to liens on real property only, and that it was without application to the claim sued on in this cause, which he held to be barred by the six-year statute, Code section 8600, which applies to all "actions on contracts not otherwise expressly provided for." This holding of the chancellor is assigned as error and it is insisted that this case falls within the ten-year statute, Code section 8590.

In the first place, insofar as the bill seeks a judgment for the amount of the indebtedness, with interest and attorney's fees, it is clear that the action is barred by the six-year statute. This would be true of the note even if it had been secured by a trust deed or mortgage on real estate, although the lien on the real estate would not be barred until the expiration of the ten-year period.

We think the chancellor was clearly right in holding that the ten-year statute, being the Act of 1885, Code section 8590, is wholly without application in the instant case. This statute has application alone to liens on realty, as it quite plainly provides. It is brought into the Code of 1932 as a part of Chapter II, entitled "Limitation of Actions," and is a part of Article II, entitled "Limitation of Real Actions." The sub-heading reads "Liens on Realty barred after Ten Years," and by its express terms the act is so confined.

The theory of complainant seems to be that by the making of the endorsement heretofore shown some character of mortgage or trust or bailment was created,

and that the right to enforce this alleged lien was not barred. Conceding that this memorandum endorsement might, in a proper proceeding, be made the basis for the fastening of an equitable lien on the property described, we are not of opinion that the pleading in this case is in proper form for such relief, but a conclusive answer to the assertion of such a right and relief is that, at best and even if this memorandum could be established or treated as a mortgage, the right to enforce it would be barred. By the Act of 1715, brought into the Code as Section 8598, all actions for injuries to or for recovery of personal property are barred if not brought within three years from the accruing of the cause of action. Now the cause of action in this case accrued upon the maturity of this note, which was ninety days, after its date, October 10, 1929. Even under the theory advanced by the bill, upon maturity and default in payment of the note, the right to take over this property and subject it for the satisfaction of the debt accrued. It has been settled in this State since the decision in *Lawrence* v. *Bridleman*, 11 Tenn. (3 Yerg.), 496, construing this Statute of Limitations of 1715, that a suit by a mortgagee of personal property against a mortgagor to recover the mortgaged property is barred if not brought within three years from the accrual of the right of action. In that case the Court said, ''In this act the legislature has made no exception in favour of a mortgagee, and therefore the court can make none; whenever the situation of a party is such, as, in the opinion of the legislature, to furnish a motive for excepting him from the operation of the law, the legislature has made the exception, and it would be going too far for this court to add to those exceptions.'' The Court cited *Cocke & Jack* v. *McGinnis*, 8 Tenn. (Mart. & Y.), 361, 17 Am. Dec., 809. In the latter styled case,

the Court recognized a distinction applicable where the relation of trustee and *cestui que trust* exists, but declared that this rule of exception has application only to the technical trusts of which a court of equity has jurisdiction.

In the comparatively recent case of *Jackson* v. *Dobbs*, 154 Tenn., 602, 290 S. W., 402, 403, this distinction was recognized, it being held in that case that all trusts arrived at by implication of law are within the six-year statute and come within the definition embraced in that statute, "contracts not otherwise expressly provided for." The latter case was not, as in the instant case, a suit to recover personal property, and was properly related to the six-year statute, but the principles therein announced apply here. It was said in that case that in courts of equity the rule is that the Statutes of Limitation are applicable in every case in equity when the trust is not a technical one.

■■ Cases cited, holding that where personal property is deposited as collateral security to a note, and the statute runs upon the note, this does not defeat the creditor's lien on the property held as collateral, have no application. It is of course well settled that where the security for a debt is a lien on property, real or personal, the lien is not impaired in consequence of the running of the Statute of Limitations upon the debt. While in the instant case we hold the debt to be barred by the statute of six years, we do not hold that the bar of the note defeats the enforcement of the lien, but that the right of action to enforce the lien, since the property involved is personal property, which has been in possession of the mortgagor for more than three years, is itself barred by the statute of three years.

Counsel rely chiefly upon *Williamson Bros.* v. *Daniel*, an

opinion of the Court of Appeals, reported in 21 Tenn. App., 346, 110 S. W. (2d), 1028, but when the distinction just above noted is borne in mind, the holding in this case and the authorities cited therein are without application.

The judgment is affirmed.