RUCKER *v.* AYMETT.

(*Jackson*, April Term ,1948.)

Opinion filed June 15, 1948.

674

F. C. Sewell, J. Granville Farrar, both of Memphis, for complainant.

W. C. Rodgers, of Memphis, for defendant.

Mr. Chief Justice Neil delivered the opinion of the Court.

On the 9th day of June, 1939, a decree was entered in the Chancery Court of Shelby County in favor of Winafred Rucker and against Julian Aymett in the sum of $6,463.47, together with the costs. The validity of this decree is not questioned. It remained unsatisfied until

September, 1946, at which time an execution was issued returnable to the first Monday in October, 1946. At the same time, the sheriff procured a garnishment and the same was served upon McCallum Aymett on October 3, 1946, requiring her to appear at a specified time before the Chancery Court, then and there to answer as garnishee such questions as might be asked her in relation to the money, property or effects of the judgment debtor.

The garnishee, in response to the garnishment, filed a written answer as follows:

"Comes McCallum Aymett, Garnishee, and for answer to the garnishment heretofore served upon her in the above styled cause, says:

"That she is not indebted to Defendant Julian Aymett in any manner or sum whatsoever, and that she does not have in her possession or under her control, or knows of any funds, properties or assets, or other interests, belonging to the said Julian Aymett, but would show that said Defendant is indebted to her, evidenced by a mortgage, dated February 1, 1941, of record in Record Book 459, at page 301, of the Register's Office of Shelby County, Tennessee, in the principal of $800, with interest thereon to date, besides other items. Said mortgage evidencing a lien on a Chevrolet automobile belonging to the said Julian Aymett. As to whether he has any equity in said car, she does not know.

"And having fully answered prays to be dismissed with her reasonable costs."

Thereafter a subpoena was issued out of the Chancery Court directing the sheriff to summon the garnishee "to bring with her the original chattel mortgage allegedly executed by Julian Aymett to her on February 1, 1941, and of record in Book 459, page 301, of the Register's Office of Shelby County, Tennessee, securing an alleged

indebtedness by him to her of $800 mentioned in her answer as garnishee; together with any evidences of any indebtedness of any kind allegedly secured thereby; together with all books, records, receipts or other evidences of payments made on said debt so claimed by her to be secured by said mortgage,'' and to appear in said court then and there to testify in behalf of the complainant.

In response to this subpoena she brought with her the records referred to and was required to testify orally before the Chancellor. Following her testimony, the Chancellor entered a decree in which he adjudged ''that the chattel mortgage held and relied on by the garnishee is barred by the Statute of Limitations of three years, as set forth in Code of Tennessee, Section 8598, and that the complainant is entitled to levy an execution upon the automobile covered by the said mortgage, notwithstanding the Statute of Limitations is not pleaded by the mortgagor, Julian Aymett.''

From the foregoing decree an appeal was prayed and granted to the Court of Appeals. That Court, in a *per curiam* opinion, reversed the Chancellor's decree holding that ''it was void as being beyond his power to make in the proceeding in which it was rendered.''

The garnisher filed a petition in this Court for *certiorari* and assigned a number of errors as follows:

It was error to hold (1) that the Chancellor's decree was void; (2) that the sum ''in controversy was the amount of the judgment upon which the execution and garnishment issued, rather than the amount of the alleged debt due the judgment debtor by the mortgagee''; (3) that the answer of the garnishee was conclusive and said garnishee should be discharged.

It appears from the record that at the conclusion of the oral examination of the garnishee before the Chan-

cellor, in which she claimed that the judgment debtor was indebted to her as evidenced by a chattel mortgage, that the Chancellor adjudged that said mortgage was barred by the three-year statute of limitations. The Chancellor thereupon directed that an execution be levied upon the mortgaged property. This was held to be error by the Court of Appeals and it was made an assignment of error in this Court.

Counsel for the petitioner and respondent, both in oral argument and on their brief, complain chiefly that the Court of Appeals erred in holding that, since the ''sum in controversy'' was in excess of $1,000, the answer of the garnishee was conclusive. We think the Court of Appeals was correct in holding that a garnishment proceeding predicated upon an execution in the hands of the sheriff is in the nature of a sequestration of the effects of the debtor for the payment of the judgment against him. It is purely statutory and summary in character.

Section 8946 of the Code provides that the ''officer, in whose hands is an unsatisfied execution'' may summon in writing a garnishee, ''to appear at the next term of the court from which the execution is issued, or before the justice of the peace,'' etc., then and there to answer certain questions relating to his indebtedness to the judgment debtor; also as to ''property and effects'' in his possession.

Section 8948 confers upon the court, or judgment creditor, the right to ask such other questions ''as may tend to elicit the information sought.''

Code section 8962 reads as follows: ''Where the sum in controversy is less than one thousand dollars, the answer of the garnishee is not conclusive, but the plaintiff may

controvert any of the facts contained therein. Upon the trial, the answer of the garnishee is evidence."

One of the sharp controversial questions made on this appeal, if not the main question, is whether the "sum in controversy" refers to the amount owed by the garnishee or the amount of the judgment upon which the execution and garnishment issued.

We think the learned Court of Appeals was in error in holding that the "sum in controversy" refers to the amount of the judgment in favor of the garnisher, rather than the sum admitted to be due by the garnishee.

Code section 8962 provides that if the sum in controversy is less than $1,000, the answer of the garnishee is "not conclusive." No case has been cited, and we have found none, holding that the sum in controversy refers to the amount of the judgment. A careful reading of all the cases cited by the respondent and relied on in the Court of Appeals reveals a consistent holding that the answer of the garnishee is not conclusive if the sum in controversy is less than $1,000. But the garnishee himself is concluded. *Moses* v. *McMullen*, 44 Tenn. 242, 244, 245; *Moore* v. *Green*, 23 Tenn. 299.

What is meant by "conclusive" and who is concluded? If the sum in controversy is less than $1,000, the plaintiff, or garnisher, may controvert the answer by proof. *Smith* v. *Leonard*, 1 Shan. Cas. 604; *McCain* v. *Hill*, 3 Shan. Cas. 654. The answer of the garnishee in no case is conclusive as to third parties. *Groveland Banking Co.* v. *City National Bank*, 144 Tenn. 520-542, 234 S. W. 643, citing *McCain* v. *Hill, supra,* and *Miller* v. *McClain*, 18 Tenn. 245.

The cases are numerous to the effect that where the "sum in controversy" is more than $1,000 the answer of the garnishee is conclusive. That is, the garnisher is

not allowed to question it by any countervailing evidence. If his answer is false, the remedy is a criminal prosecution for perjury. But these cases (many of them referred to in the *per curiam* opinion)[1] do not support the contention that the "sum in controversy" refers to the judgment upon which the execution and garnishment issued. The original judgment in favor of the garnisher and against the judgment debtor is never in controversy.

Under Code section 8947 the garnishee is required to answer if he has in his possession "any property, debts, or effects" belonging to the defendant "and, if so the kind and amount." In response to the answer as to "property and effects" in the garnishee's possession, judgment may be entered and execution awarded for the property, money or effects, as the case may be, or so much thereof as will satisfy the plaintiff's demand; or, in other words, the judgment. *English* v. *King*, 57 Tenn. 666, 673, 674.

The foregoing controversial issues, one or more, necessarily determine. whether or not the answer of the garnishee is conclusive. In *Wyler, Ackerland Co.* v. *Blevins*, 113 Tenn. 528, 530, 82 S. W. 829, the garnishee filed an answer which was inconclusive. It was held, since the amount was less than $1,000, it was not necessary to strike the answer, that the proper practice is to summon the garnishee before the court for a new examination. Citing cases. Continuing, the Court said: "If necessary

---

[1]Note: Moore v. Green, 23 Tenn. 299; Brown v. State, 26 Tenn. 112; Pickler v. Rainey, 51 Tenn. 335; Cooley v. Young, 55 Tenn. 852, note; Mayor & City Council of Nashville & Fourth National Bank v. Insurance Co., 61 Tenn. 296, 302; Wyler, etc., Co. v. Blevins, 113 Tenn. 528, 82 S. W. 829; Groveland Banking Co. v. Bank, 144 Tenn. 520, 542, 234 S. W. 643. Cf. Moses v. McMullen, 44 Tenn. 242.

to a full determination of the matter, other evidence may be heard." Citing Shannon's Code, section 4831, which is section 8962 of the Official Code. To the same effect see *Mahan Motor Co.* v. *Lyle,* 167 Tenn. 193, 67 S. W. (2d) 745.

In construing the words "sum in controversy," we must consider that the statute never contemplated allowing a judgment creditor to litigate with a garnishee as to the amount of his debt to the judgment debtor where he admits in his answer that he owes in excess of $1,000. On the contrary, where the garnishee by his answer admits owing less than $1,000, the trial court, at the instance of the garnisher, will not be precluded from making a full investigation of the claim on the ground that the judgment to be satisfied is in excess of $1,000. *Mahan Motor Co.* v. *Lyle, supra.*

Upon the foregoing authorities, and for the reasons stated, the petitioner's assignments of error 2 and 3 are sustained.

Counsel for the petitioner strongly rely upon Code section 8948, authorizing the oral examination of the garnishee, and insist that it was error for the Court of Appeals to hold that she had no notice of the purposes of such examination. The contention is unsound. We think the garnishee had ample notice of the purpose of the oral examination. The subpoena *duces tecum* was sufficient notice of the matters about which she was to be interrogated. Moreover, such a procedure finds strong support in *Mahan Motor Co.* v. *Lyle, supra,* and *Wyler, Ackerland Co.* v. *Blevins, supra,* as well as other cases.

We find no merit in petitioner's contention that it was error to examine the garnishee orally instead of taking her deposition and filing it with the record. In *Pickler* v. *Rainey,* 51 Tenn. 335, 339, 340, it was said: "It is

essential to the administration of this law that the answer of the garnishee should be clearly ascertained and his approval of it distinctly shown.''

In the same case it was held to be ''proper practice to have the garnishee's answer reduced to writing and attested by his signature.'' It seems clear to us from the record that this ruling was substantially complied with. The garnishee first filed a sworn answer. In response to the subpoena *duces tecum* she appeared and orally made answer to certain questions, all of which were without any objection, and the oral examination was reduced to writing. We find nothing to indicate a disapproval by the garnishee. This assignment is overruled.

■ The petitioner's first assignment of error, which goes to the heart of the case, that the Court of Appeals committed error in holding that the Chancellor's decree was void, and discharging the garnishee, must be overruled. The only question before the Chancellor was the answer of the garnishee in which she positively disclaimed being indebted to the judgment debtor in any amount. The answer was conclusive, not as a matter of law but as a matter of fact, because there was no proof to the contrary.

Moreover, we think the learned Chancellor erred in holding that the chattel mortgage was extinguished by the three-year statute of limitations, citing as his authority Code sec. 8598.

■ Code sec. 8598 necessarily refers to personal property which has been unlawfully detained. There can be no conversion in the absence of a trespass.

■ The instrument in question executed and acknowledged by Julian Aymett is dated February 1, 1941. It conveys the automobile in question to Miss Aymett for the purpose of securing a debt therein recited to be $800.

This instrument provides that in the event the mortgagor shall default in payment of the debt, then the mortgagor "does hereby authorize and empower" the mortgagee to enter such place as this automobile may be "and take and carry away" the same and sell it for the purpose of satisfying said debt. The mortgage then provides that until default be made the mortgagor is 'to retain and continue in quiet, peaceable possession of" said automobile—in the full and free enjoyment of the same unless (the mortgagee) ". . . and until such demand be made the possession of (the mortgagor) shall be deemed the possession of an agent or a servant for the sole benefit and advantage of his principal" (the mortgagee), Miss Aymett.

It necessarily follows from this agreement that the mortgagor was not guilty either of conversion or unlawful detention of the property by retaining it at the time of the execution of the mortgage. It is further a necessary fact that such unlawful detention or conversion could not, as a matter of law, commence until the mortgagee had demanded possession of the car and that demand had been refused by the mortgagor.

There is no evidence of a demand ever having been made by the mortgagee that possession of the car be turned over to her until she instituted replevin proceedings on or before January 31, 1947, to recover the car from the possession of the sheriff who had seized it by virtue of an execution, ordered to issue upon the Chancellor's own motion, to satisfy the debt of the judgment creditor, Winafred Rucker, the petitioner here.

It is thought that the Chancellor applied Code sec. 8598 because of *Montgomery* v. *Wolfe*, 176 Tenn. 462, 143 S. W. (2d) 717, 719. In that case it is recited that the property in question "has been in possession of the mort-

gagor for more than three years'' and that it ''had been left in possession of the defendant in trust.'' It does not appear whether the property was or was not left in the possession of the mortgagor by agreement. However, the inference must certainly be to the contrary since the decision in *Montgomery* v. *Wolfe* was predicated upon the decision in *Lawrence* v. *Bridleman*, 11 Tenn. 496.

In *Lawrence* v. *Bridleman, supra,* it is shown that the personal property mortgaged ''was absolute and did not reserve the possession to Bridleman (mortgagor) an instant after its execution, and consequently the legal title and right of possession instantaneously vested in Lawrence, and he could have brought his action immediately for the recovery of the possession.'' In that case the lawyer representing the mortgagor conceded that ''if the possession of the mortgagor was lawful, no action could be sustained until demand made.''

There is no possibility whatever for the application of *Lawrence* v. *Bridleman, supra,* in the case at bar because the instrument itself affirmatively shows that Julian Aymett by the very terms of the instrument was in lawful possession of the car until he refused a demand to turn the automobile to the mortgagee. There is no evidence of a demand; consequently, no evidence of the unlawful detention or conversion by Julian Aymett, the mortgagor. By no reasonable course of logic can it be said that an action for conversion or unlawful detention accrues until there has been a conversion or an unlawful detention.

Since the decision in *Montgomery* v. *Wolfe* is rested solely upon *Lawrence* v. *Bridleman, supra,* so, by the same token, it is not applicable to the instant case.

The instrument reciting the debt owed Miss Aymett from her brother, Julian Aymett, is dated Feb-

ruary 1, 1941. No due date is specified in the instrument. Therefore, it became due on demand; that is, at once. The statute of limitations, therefore, applicable to that debt is the statute carried in Code sec. 8600, providing that "actions on contracts not otherwise expressly provided for, shall be commenced within six years after the cause of action accrued."

In the instant case the debt being due on demand, to wit, February 1, 1941, the statute of limitations provided for by Code sec. 8600 did not run until the close of January 31, 1947.

However, on January 24, 1947, before the running of the statute on January 31 thereafter the Chancellor entered a decree holding that the three-year statute, Code sec. 8598, applied. This decree was entered *nunc pro tunc* as of January 24, 1947; that is, before the running of the six-year statute of limitations. This was due to the fact that in order to collect the Rucker debt an execution issued on November 27, 1946, whereby the sheriff on an unspecified date before January 31, 1947, levied on this car and a writ of replevin was issued by Miss Aymett, the mortgagee, whereby on January 31, 1947 (within the six-year statute of limitations), the coroner, by reason of a replevin writ, took the automobile from the sheriff.

For the reasons stated, we are of opinion that the Court of Appeals reached the right result in reversing the Chancellor's decree and in discharging the garnishee.

All concur.