RUCKER *v.* AYMETT (JEFFERSON'S APPEAL).

(*Nashville*, December Term, 1948.)

Opinion filed March 11, 1949.

See also 188 Tenn. 284, 219 S. W. (2d) 177.

F. C. Sewell and J. G. Farrar, both of Memphis, for complainant.

W. C. Rodgers, of Memphis, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

We recently held in *Rucker* v. *Aymett*, 186 Tenn. 672, 212 S. W. (2d) 659, that the amount in controversy re-

ferred to in our garnishment statute (Williams' Code, sec. 8962) has reference to the amount involved in the garnishment of property, and not the amount of the judgment sought to be collected.

In the present cause we have granted *certiorari* and heard argument. Here the chancellor ordered certain notes to be turned over to the Clerk and Master as the property of Julian Aymett to be reduced to judgment and the proceeds turned over to Winafred Rucker to apply on her judgment.

The Court of Appeals reversed the chancellor's decree and held that this was error, one of the grounds being that the answer was conclusive since the amount in controversy was more than one thousand dollars, and hence no further inquiry could be had.

The petitioner, Winafred Rucker, has assigned numerous errors, but we think since the amount in controversy is more than one thousand dollars that this is conclusive.

Section 8962 of the Code provides as follows:

"Where the sum in controversy is less than one thousand dollars, the answer of the garnishee is not conclusive, but the plaintiff may controvert any of the facts contained therein. Upon the trial, the answer of the garnishee is evidence."

Under all of our authorities the answer of the garnishee is conclusive where the amount in controversy is more than one thousand dollars. *Moore* v. *Green*, 23 Tenn. 299; *Wyler, Ackerland & Co.* v. *Blevins*, 113 Tenn. 528, 82 S. W. 829; *Groveland Banking Co.* v. *City Nat. Bank*, 144 Tenn. 520, 234 S. W. 643.

"We have numerous cases in this state (cited in a note to section 4831 of Shannon's Code) holding that the

answer of the garnishee is conclusive. The section of the Code, however, referred to, changes the rule as to amounts less than $1,000, and declares that the answer shall not be held conclusive as to such amounts.'' *Wyler, Ackerland & Co. v. Blevins, supra,* 113 Tenn. pages 529-530, 82 S. W. page 829.

The reason that the answer is conclusive when the amount involved is more than one thousand dollars, is that a sequestration of property in the hands of third parties to satisfy a judgment in favor of the garnisher against his debtor is ''a special, summary, and inquisitorial proceeding, affording a harsh and extraordinary remedy. It is an anomaly; a statutory invention *sui generis,* with no affinity to any action known to the common law.'' 38 C J. S., Garnishment, sec. 2.

The answer of the garnishee was in form in strict compliance with the statute. The amount in controversy amounted to a total of $1610, and, therefore, the chancellor was without authority to conduct an oral examination.

It results that we find no error in the decree of the Court of Appeals, and it is affirmed and the cause remanded to the chancery court of Shelby County for further proceedings. We express no opinion as to what other steps the petitioner might take in the premises.

All concur.

Mr. Chief Justice Neil (concurring).

This appeal from the decree of the chancellor is similar in all respects to that of Mrs. Claribel Rice, 188 Tenn. 284, 219 S. W. (2d) 177, except that Jefferson was brought into court by garnishment where he filed a sworn

answer in which he stated unequivocally that he was not indebted to Julian Aymett, the judgment debtor, and that he had no property in his possession belonging to the said Aymett of any kind or character. The answer was filed on October 5, 1946. On February 11, 1947, a subpoena *duces tecum* was issued and served upon him directing him to appear and bring with him "all papers of every description pertaining to all transactions by and between him and Julian Aymett since January 15, 1946, together with any other evidence of indebtedness of any kind whatever wherein the said Julian Aymett has any interest of any description whatever."

In response to this subpoena he filed a motion to quash it upon numerous grounds, one of which was that by Code Section 8962 his answer to the garnishment notice was conclusive and "all that he is required to do by law." Other reasons were given which we need not now consider. The motion was overruled and exception taken. Thereupon the chancellor sustained a motion by complainant for an order upon the said Jefferson to appear in court on a day certain to be orally examined as a garnishee, to which order he also excepted. Prior to the answer of Jefferson, and the order for an oral examination above referred to, a number of other garnishees had been orally examined by the court touching an alleged indebtedness owing by them to Julian Aymett, and especially as to transactions with the said B. B. Jefferson and Julian Aymett. Sometime after their oral examination, and the response of Jefferson to the motion for his oral examination, the chancellor entered an order wherein Jefferson was directed to deliver to the Clerk and Master a certain series of notes which he claimed as his own and which had been executed by the garnishees who had

been theretofore orally examined. The total amount of these notes was in excess of $1,600.00. The Clerk and Master was ordered "to collect the notes and hold the proceeds pending further orders of the court as to their disposition." Exception was taken to this order although it was complied with.

The final decree of the chancellor is as follows:

"That the Court is of the opinion that the said B. B. Jefferson has offered no additional evidence to justify the Court in modifying or changing its former decree heretofore entered, and has failed to show satisfactory additional reasons why said conditional order requiring him to surrender the aforesaid notes to the Clerk and Master should not be made final and absolute and does hereby find and decree that said series of notes are the property of the defendant, Julian Aymett, and does make final its conditional judgment to that effect."

■ It thus appears in this case, as it does in the appeal of Claribel Rice, that the garnishee was compelled to carry the burden of proving that he was the lawful owner and holder of the notes and that his possession of them was *bona fide* and not in fraud of the rights of the garnisher. The authorities cited in the case of Claribel Rice's appeal, to which reference is here made, clearly justifies us in holding that the procedure in this case is unknown to the garnishment statute of Tennessee; nor is there any authority to support the opinion of the chancellor that a judgment is authorized against a garnishee if he fails to show that his possession of property is free from fraud. The law places no such burden upon the garnishee.

■ A sequestration of property in the hands of third parties to satisfy a judgment in favor of the garnisher

against his debtor is "a special, summary, and inquisitorial proceeding, affording a harsh and extraordinary remedy. It is an anomaly; a statutory invention *sui generis*, with no affinity to any action known to the common law." 38 C. J. S., Garnishment, sec. 2, p. 202 (Emphasis ours.)

It is summary in that the garnishee generally answers at an *ex parte* hearing without the aid of counsel. The burden is not upon him to acquit himself of liability to the original judgment debtor and thus prevent the garnisher from having a judgment against him. In one of our early cases, *Drane* v. *McGavock*, 26 Tenn. 132, 133, Green J. it was said "the garnishee is not liable to a judgment unless he makes himself liable by his own answer." See also *Mayor, etc., of City of Nashville* v. *Potomac Insurance Company*, 61 Tenn. 296, 302, 303, citing and approving *Moses v. McMullen*, 44 Tenn. 242, 245. The foregoing authorities are important as disclosing the legislative intent that the garnisher must carry the burden of proof to entitle him to a judgment; that no judgment can be had against a garnishee based upon mere inferences and surmises.

As further evidencing the regard which the law has for the rights of the garnishee it has been held in all our cases (there are none to the contrary) that where the sum in controversy is in excess of $1,000.00 (the amount was formerly $50.00) the answer of the garnishee is conclusive. If under that amount "the plaintiff may controvert any of the facts contained therein" citing Code Section 8962.

In the instant case the respondent, B. B. Jefferson, invokes the provision of the foregoing statute and insists that the chancellor had no jurisdiction to enter the

decree against him, since the amount in controversy is admittedly in excess of $1,000.00. The Court of Appeals sustained his contention and reversed the chancellor. This is assigned as error. Why is the answer of the garnisheee "conclusive", and who is concluded? In *Rucker* v. *Aymett*, 186 Tenn. 672, 212 S. W. (2d) 659, 662 we construed Code Section 8962 and held that where the amount in controversy, which was the value of the property impounded or the amount of the indebtedness due the judgment debtor by the garnishee, was in excess of $1,000.00 *"the garnisher is not allowed to question it by any countervailing evidence."* (Emphasis ours.) The effect of the statute is to place a limitation upon the collection of debts in garnishment proceedings. But the garnisher is in no wise precluded from enforcing his claim by bill in equity, as pointed out in Claribel Rice's appeal.

We think the reason for the limitation is found in the fact that since garnishment proceedings are "summary", "harsh" and "inquisitorial", that the power of the courts to enter judgments in such cases against persons having no connection whatever with the original cause should be restricted in order to safeguard the garnishee against possible double liability to a judgment for an unlimited amount of money. It is for this reason that, regardless of the amount involved, the law requires that the garnishee's indebtedness to the judgment debtor should be made to appear either from the answer, or by clear and convincing evidence. As stated in *Van Vleet* v. *Stratton* 91 Tenn. 473, 474, 19 S. W. 428, 429, "it must *clearly and obviously* appear," (emphasis ours) all doubt being "resolved in favor of the gar-

nishee." *Mahan Motor Co.* v. *Lyle,* 167 Tenn. 193, at page 197, 67 S. W. (2d) 745 at page 746.

We express no opinion as to the merits of this controversy on the facts. But feel that the learned chancellor was in error in holding the respondent liable. The judgment of the Court of Appeals is affirmed. The cause is remanded for such further proceedings as complainant may elect to pursue in conformity with this opinion. The petitioner will pay the costs of this appeal.

All concur.