James Monroe WILSON

v.

**Acie HARRIS, et al.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

June 11, 2009 Session.

June 30, 2009.

Permission to Appeal Denied by
Supreme Court Jan. 25, 2010.

Charles Dungan, Maryville, Tennessee, for the appellant, James Monroe Wilson.

Joe Weyant, Clarksville, Tennessee, for the appellees, Acie Harris and Edna Harris.

## OPINION

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. McCLARTY, JJ., joined.

Our tasks on this appeal are to identify the statute of limitations that applies to a loan of money unsupported by a writing and to determine whether the action on the loan in this case was barred, as a matter of law, when the complaint was filed. The trial court granted the defendants' motion to dismiss on the ground that the applicable statute of limitations had run. Plaintiff appeals, arguing that the defendants acknowledged and promised to repay the debt and, in doing so, saved the claim from the bar of the statute of limitations. We affirm.

## I.

Plaintiff James Monroe Wilson ("the Lender") filed his initial complaint against Acie Harris and Edna Harris ("the Borrowers") on June 29, 2006. Pursuant to an agreed order, the Lender filed an amended complaint on December 19, 2007. The pertinent parts of the amended complaint are repeated below, with paragraph numbering omitted:

> On or about July 12, 1999, in reliance on the promises of the Defendants to repay him, the Plaintiff loaned and delivered to the Defendants the sum of Twenty-five Thousand Dollars ($25,000.00) to be used for the purchase of real estate.

> The debt hereinabove referred to is evidenced by two checks both dated July 12, 1999, in the amount of $20,000.00 and $5,000.00 respectively and endorsed by the Defendant, Edna Harris. Plaintiff avers that in endorsing said checks Defendant, Edna Harris, acted for herself and as the agent of the Defendant Acie Harris....

> The Plaintiff, James Monroe Wilson, avers that the Defendants, Acie Harris and Edna Harris, in 2004 and at other times prior thereto acknowledged the debt and coupled therewith expressed a willingness to pay the same. Specifically the Defendants promised to pay said debt when a personal injury settlement was received by them.

> Alternatively the Plaintiff avers that the Defendants intentionally misrepresented to the Plaintiff that they would pay their debt but never intended to do so hoping thereby to induce the Plaintiff to abandon his claim or that the same would become time barre[d] and were thereby guilty of fraud.

The Borrowers filed a motion to dismiss for failure to state a claim upon which relief could be granted. Without raising anything outside the pleadings, the Borrowers "affirmatively assert[ed] and adopt[ed] the defense that the statute of limitations, as set forth in Tenn.Code Ann.

§ 28–3–109 [1], has run, and bars a suit on the alleged debt." (Footnote added; underlining in original.) The trial court agreed and granted the motion. The operative language in the order of dismissal is: "The Motion to Dismiss as filed by the Defendants is GRANTED, as the statute of limitations, as set forth in Tenn.Code Ann. § 28–3–109, has run, and bars a suit on the alleged debt." (Capitalization and underlining in original.)

## II.

The issue [2]—as stated by both of the parties—is incomplete in that it jumps directly to the import of the alleged acknowledgment of the debt. This point is far beyond the place where we must begin our analysis. The real issues we must determine are as follows:

What is the applicable statute of limitations in an action to recover a debt incurred on an oral promise to pay money advanced contemporaneously with the promise?

When did the cause of action in this case, if there is one, accrue?

Does the renewed promise to pay made in 2004, five years after the 1999 advance, prevent the running of the statute of limitations?

---

1. The referenced section—Tenn. Code Ann. § 28–3–109 (2000)—contains more than one specific time bar as follows:
 (a) The following actions shall be commenced within six (6) years after the cause of action accrued:
 (1) Actions for the use and occupation of land and for rent;

 \* \* \*

 (3) Actions on contracts not otherwise expressly provided for.

 \* \* \*

 (c) The cause of action on demand notes shall be commenced within ten (10) years after the cause of action accrued.

## III.

"A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint." *Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn.1977).

The issue of which statute of limitations applies is a question of law that we review *de novo*. "Our standard of review of a trial court's decision on a motion to dismiss under Rules 12.02(6) and 12.03, T.R.C.P. is well-settled. We are to construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Our review of the lower court's legal conclusions is *de novo* with no presumption of correctness." *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn.Ct.App.1999).

## IV.

### A.

The parties have supplied us with very little information about which of the limitations periods within Tenn.Code Ann. § 28–3–109 applies and why. The Lender says nothing. The Borrowers assert, without any elaboration, that "[a]ctions on con-

---

2. "Did the trial court err in granting the appellees' motion to dismiss pursuant to Tenn. R. Civ. Pro Rule 12.06 based on the statute of limitations when the complaint, as amended alleged that the appellees, within the period of limitation prior to the filing of the complaint acknowledged the debt and expressed a willingness to pay and also made an express promise to pay the same."

tracts not otherwise expressly provided for shall be commenced within six (6) years after the cause of action accrued. Tenn. Code Ann § 28–3–109."

■ We agree with the Borrowers' conclusion, but for reasons that may not be obvious without some explanation. First, this is an action on a loan, not an action on a note. *See Ingram v. Earthman,* 993 S.W.2d 611, 631 n. 18 (Tenn.Ct.App.1998)(distinguishing the two). The term "demand note" is not defined in subsection (c) of 28–3–109, but it is defined in Tenn.Code Ann. § 47–3–104(e)(Supp.2008), the code section dealing with negotiable instruments, as an "instrument" that may or may not be negotiable, depending on its terms. Moreover, it is generally accepted that a note is a written promise to pay money to another party, and that a demand note is simply a note that is payable on the demand of the creditor. *See e.g., Black's Law Dictionary* at 1088 (8th Ed. 1999); *Ballentine's Law Dictionary* at 865, 331 (3d. Ed. 1969). We thus conclude that the limitations period for demand notes does not apply here.

Rather than simply assuming the six-year limitation for "[a]ctions on contracts not otherwise expressly provided for" is controlling, we have done our own research. There are numerous cases applying the six-year limitation to notes that are not demand notes. *See e.g., Ingram,* 993 S.W.2d at 633. The question that remains is whether that same limitation applies to obligations that are not reduced to a note. The cases are in accord that the six-year limitation applies to debts that are not evidenced by a note. *Tenpenny v. Cannon County,* 180 Tenn. 618, 177 S.W.2d 817, 819 (1944) (action by county assessor to recover money he should have been paid by the county is in the nature of a debt owed and is controlled by the general six-year statute for contracts not otherwise

specified); *Creach v. Ralph Nichols Co.,* 37 Tenn.App. 586, 267 S.W.2d 132, 135–36 (1953) (action to recover value of stolen auto against innocent purchaser is for a debt owed and controlled by the general six-year statute for unspecified contracts); *Hatmaker v. Hatmaker,* 1995 WL 322174 (Tenn.Ct.App. E.S., filed May 31, 1995) (oral agreement to repay money controlled by the six-year statute for contracts not otherwise expressly provided for); *see also Rucker v. Aymett,* 186 Tenn. 672, 212 S.W.2d 659, 664 (1948) (debt recited in an instrument not identified as a "note" subject to general six-year statute). We therefore hold that the general six-year statute codified at Tenn.Code Ann. § 28–3–109(a)(3) applies to this action.

### B.

■ Our next task is to decide when the cause of action accrued. It is well settled that actions on demand notes accrue on the date of execution. *See e.g., Jenkins v. DeWar,* 112 Tenn. 684, 82 S.W. 470 (1904); *C.A. Hobbs, Jr., Inc., v. Brainard,* 919 S.W.2d 337, 338 (Tenn.Ct.App.1995). For its authority, *Jenkins* relied on the following: "Where a right exists, but a demand is necessary to entitle the party to his action, the statute[ ] of limitation[s] commence[s] to run from the time the right to make the demand is complete. Code 1858, § 2780 (Shannon's Ed. § 4477)." The code section paraphrased in *Jenkins* is now found at Tenn.Code Ann. § 28–1–102 (2000). It states: "When a right exists, but a demand is necessary to entitle the party to an action, the limitation commences from the time the plaintiff's right to make the demand was completed, and not from the date of the demand." Obviously, this statutory language is not limited to demand notes, but applies to any obligation payable upon demand of the creditor.

■ The last question that must be answered concerning accrual is whether an obligation that neither explicitly states it is due on demand, nor sets a specified date for repayment is, nevertheless, a demand obligation. We believe the question must be answered in the affirmative. In *Rucker v. Aymett*, 186 Tenn. 672, 212 S.W.2d 659 (1948), the question presented was whether a garnishee still owed the judgment debtor or whether the debt recited in some unidentified instrument was barred by the statute of limitations. The Court held as follows: "The instrument reciting the debt owed Miss Aymett from her brother, Julian Aymett, is dated February 1, 1941. No due date is specified in the instrument. Therefore, it became due on demand; that is, at once." *Id.* at 664. The same rule was applied without discussion in *Hatmaker*, 1995 WL 322174 to an oral agreement with no specification "as to how and when Dixie [Hatmaker] would pay the principal." *Id.* at *1. We, therefore, hold that the statute of limitations on the alleged obligation of the Borrowers accrued on July 12, 1999, when they received the money from the Lender.

## C.

■ We now reach the question the parties tried to start us on; namely, whether the Lender has alleged facts that somehow avoid the bar that would otherwise be effective July 13, 2005, six years after the loan. The answer to that question is found in *Ingram*, 993 S.W.2d at 633–40.

> Estoppel and revival are complementary responses to a statute of limitations defense. A defendant will be estopped to assert a statute of limitations defense when it induces a plaintiff to refrain from filing suit during the applicable limitations period. Statements or conduct that support an estoppel claim include representations, made prior to the expiration of the limitations period, that

the defendant either would not assert a statute of limitations defense or that the dispute would be amicably resolved without filing suit. Persons who successfully establish the estoppel exception to a statute of limitations defense must file suit within a reasonable time after becoming aware that the debtor will not pay the debt.

> Similarly, a defendant may revive a plaintiff's remedy that had been barred by the running of a statute of limitations either by expressly promising to pay the debt or by acknowledging the debt and expressing a willingness to pay it. . . .

> The expression of willingness to pay the debt that must accompany the acknowledgment of the debt may be implied from the defendant's words or acts but, in whatever form, the words or acts must amount to a recognition of the continuing obligation.

\* \* \*

> Mr. Earthman's chief objection to the trial court's instructions is that they permitted the jury to decide that statements or conduct occurring before [the time bar] could prevent him from asserting a statute of limitations defense. We agree that the instructions permit the jury to draw this conclusion, but we fail to see the error. Promises and statements made before the limitations period expired will support an estoppel claim, just as promises and statements made after the limitations period expired will support a revival claim.

\* \* \*

> Estoppel claims do not require proof that the debtor has expressed a willingness to pay. Rather, they require proof that the maker's statements and conduct, made or occurring prior to the expiration of the limitations period, induced the holder of the note to believe

that the maker either would not assert a statute of limitations defense or that the dispute would be settled amicably without litigation. Expressions of willingness to pay after the expiration of the limitations period are necessary ingredients of a claim that an extinguished cause of action has been revived. The trial court [correctly] instructed the jury [as follows]:

> ... If Ingram was induced to believe that Earthman was going to pay the debt, or otherwise satisfy the debt, or reach some other amicable settlement of the debt and, in reliance on the conduct or words, Ingram delayed filing the suit within the applicable limitation period then Earthman is ... estopped from relying on the statute of limitations as a defense....

*Id.* at 633–34, 638, 640 (Citations and footnotes omitted; bracketed material added.)

From the above, we can easily determine there is no revival of the debt under the pleadings before us. The amended complaint does not allege any acknowledgment or promise *after* July 13, 2005, *i.e.*, six years after the loan was made. A promise or acknowledgment after the limitations period has expired is a necessary ingredient of a revival of a debt or note.

The Lender has tried to justify his delay, both to the trial court and now to us on appeal, in terms of revival and not estoppel. The amended complaint noticeably omits any reference to reliance by the Lender on the Borrowers' alleged promises to pay. The Lender alleges, *as a conclusion*, that the Borrowers were "hoping ... to induce the Plaintiff to abandon his claim" but he stops profoundly short of saying that the hopes and actions induced any reliance by him. That factual allegation, which we are not willing to infer if Wilson is unwilling to allege it, is a necessary element of estoppel. *Northeast Knox*

*Utility v. Stanfort Const.*, 206 S.W.3d 454, 461 (Tenn.Ct.App.2006). Further, we are not shown how a promise to pay a just debt made a year or more before the expiration of the statute of limitations would normally induce delay beyond the statute on the part of a creditor. "In ruling on [a motion to dismiss for failure to state a claim], courts must construe the allegations in the plaintiff's favor and accept allegations of fact as true. However, the inferences to be drawn from the facts or the legal conclusions set forth in a complaint are not required to be taken as true." *Riggs v. Burson*, 941 S.W.2d 44, 47–48 (Tenn.1997) (Brackets added.) Thus, we are not persuaded that the amended complaint states a claim based upon estoppel.

 Moreover, the Lender has waived any potential estoppel issue on appeal. A party waives an issue on appeal by failing to brief it, even if it is developed in the trial court and listed as an appellate issue. *Blair v. Badenhope*, 940 S.W.2d 575, 576 (Tenn.Ct.App.1996). The word "estoppel" is not to be found in the Lender's brief, and there is no mention of reliance or inducement in the single issue stated by the Lender for our consideration. We doubt it is an accident that the Lender argued one of the theories discussed in *Ingram*, 993 S.W.2d at 633, and omitted any reference to the other theory discussed in the same paragraph.

### V.

The judgment of the trial court is affirmed. Cost on appeal are taxed to the appellant James Monroe Wilson. The case is remanded, pursuant to applicable law, for collection of costs assessed below.