# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 8, 2010 Session

## IN RE CONSERVATORSHIP FOR WILLIAM J. ALLEN

**Appeal by Permission from the Chancery Court for Carter County**
**No. 27563      G. Richard Johnson, Chancellor**

---

**No. E2010-01625-COA-R10-CV - DECEMBER 29, 2010**

---

In this conservatorship action, we granted the application of Jay R. Slobey, James A. Freeman, III and Megan E. Livingstone, all attorneys,[1] for a Tenn. R. App. P. 10 extraordinary appeal seeking relief with respect to two interlocutory orders of the trial court. The orders are: (1) one prohibiting attorneys with the law firm of James A. Freeman & Associates, P.C. from representing William J. Allen ("the Ward")[2]; and (2) another appointing attorney David L. Robbins as "Attorney ad Litem" but requiring him to perform duties "pursuant to T.C.A.§34-1-107," a statute dealing with guardians ad litem. After this appeal was granted, the trial court entered an order purporting to "amend its order . . . which appoints David L. Robbins to serve as Attorney ad Litem pursuant to Tenn. Code Ann. § 34-1-107 . . . to reflect that David L. Robbins is to serve . . . pursuant to Tenn. Code Ann. § 34-1-125," a statute pertaining to attorneys ad litem. The court's amending order is also being challenged. We (a) affirm the order prohibiting the representation of the Ward by attorneys from the law firm of James A. Freeman & Associates P.C., and (b) vacate the order appointing Mr. Robbins and the later order purporting to amend the order of appointment.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Chancery Court Affirmed in Part and Vacated in Part; Case Remanded**

CHARLES D. SUSANO, JR., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

---

[1]The attorneys purport to be acting for William J. Allen, the individual about whom the conservatorship petition was filed. Their relationship to Mr. Allen is one of the core disputes in this litigation.

[2]In using the defined term "the Ward" to represent William J. Allen, we do so only as an easy way to refer to Mr. Allen. We recognize that the trial court has not yet ordered a conservatorship for Mr. Allen.

Jay R. Slobey, James A. Freeman, III and Megan E. Livingstone, Nashville, Tennessee, appellants, Pro Se.

David W. Bush, Elizabethton, Tennessee, for the appellees, Anne A. VanHuss and Marilyn A. Elliott.

Christopher D. Owens, Johnson City, Tennessee, for the appellees, William John Allen, Charles H. Allen, and Violette Allen Parker.

David L. Robbins, Elizabethton, Tennessee, court-appointed Attorney ad Litem for William J. Allen.

**OPINION**

I.

The Ward had reached the age of 95 when this action was filed in March 2010. He had been recently hospitalized following a number of falls in his home, one of which resulted in a fractured skull. He was discharged from the hospital to a nursing home on or about January 15, 2010. During his stay at the nursing home, a dispute arose between the Ward's children about whether he should remain in the nursing home or be brought home to live out the remainder of his days on this earth. That dispute is at the heart of this litigation.

The plaintiffs in this action are two of the Ward's children, Anne A. VanHuss and Marilyn A. Elliott ("the Plaintiffs"). Attached to their complaint are (1) a physician's sworn report, (2) numerous medical records, and (3) a copy of a durable power of attorney making the Plaintiffs together with their brother, Charles H. Allen, attorneys-in-fact for the Ward. The power of attorney specifies that "[n]o named individual may act alone" and that the authority is "to act in concert with each other, or, any two of them may act at any time hereunder." The Plaintiffs allege in their complaint that their father, a defendant, is unable to make rational decisions regarding his person and his property; the Plaintiffs ask that they be appointed co-conservators. Their complaint asks that the court appoint attorney "David L. Robbins . . . as guardian ad litem or attorney ad litem, as the Court may deem appropriate." The complaint identifies, as the nearest relatives entitled to notice, the Plaintiffs' siblings – the previously mentioned Charles H. Allen, and their other two siblings, William John Allen and Violette Allen Parker. To avoid confusion of names and groups, we will sometimes refer

to the children other than the Plaintiffs as, collectively, "the other Siblings" and individually by the names[3] "Charles," "John," and "Violette."

The day after the complaint was filed, the court, acting ex parte, entered an order appointing the aforesaid Robbins as *attorney ad litem*. The order states that the "Attorney ad Litem shall investigate the physical, mental and financial status of [the Ward]; determine if [the Plaintiffs] are the appropriate persons to be appointed; review any proposed property management plan; and pursuant to T.C.A. § 34-1-107, submit a written report to the Court." The complaint, and the order appointing Robbins, were served on the defendants under leading process.

On or about May 5, 2010, the Ward purported to file a joint answer with his son, Charles, by and through counsel Megan E. Livingstone and James A Freeman, III, of the Nashville law firm of James A. Freeman & Associates (hereafter collectively referred to as "the Freeman attorneys"). The answer denies that the Ward is in need of a conservator but asserts that, if a conservator is needed, it should be Charles and not the Plaintiffs. The answer states that the Ward is being over-medicated and held in the nursing home against his will. The answer is signed by both the Ward and Charles.

On or about May 7, 2010, Robbins, as "Attorney ad Litem for William J. Allen," filed a motion to strike the pleading filed by the Freeman attorneys on behalf of the Ward and a motion seeking a temporary restraining order preventing the Freeman attorneys from communicating with the Ward. The Plaintiffs sent a "safe harbor" letter asking that the answer be withdrawn, and, when the Freeman attorneys refused, the Plaintiffs scheduled a hearing on a motion for sanctions and their motion to strike the answer.

On or about May 21, 2010, the Freeman attorneys filed a response to the Plaintiffs' motions, allegedly[4] on behalf of the Ward and Charles. Also on May 21, 2010, attorney Christopher D. Owens entered an appearance on behalf of Charles, John and Violette. On or about May 24, 2010, the Freeman attorneys filed on behalf of the Ward and Charles, a response to Robbins' motion to strike and a response to his motion for a temporary restraining order. The responses took the position that Robbins was obviously acting as guardian ad litem rather than as an attorney ad litem and that the Ward had the absolute right

---

[3]We do not intend any disrespect in the use of the first names. Since there are two William Allens in this case, both of whom have a middle initial of "J," we will use the son's middle name, "John," to differentiate him from the Ward. For consistency, we will use the first names of the other two siblings.

[4]To avoid being overly repetitious, we will refrain from repeating each time that the filings by the Freeman attorneys were "allegedly" on behalf of the Ward. It should be understood that in the context of this opinion all actions of the Freeman attorneys on behalf of the Ward are being challenged.

to employ the Freeman attorneys and had done so. The Freeman attorneys also filed a motion asking for an independent medical evaluation of the Ward. Finally, the Freeman attorneys filed a motion asking that Robbins be removed as attorney ad litem. As grounds, the Freeman attorneys alleged (1) that Robbins' appointment was made without proper notice or hearing; (2) that the acts required of Robbins by the order appointing him were actually the duties of a guardian ad litem; (3) that Robbins was acting on behalf of the Ward in the absence of any finding of incompetency; and (4) that the order appointing an attorney ad litem was not properly served on all interested parties. The responses and motions filed by the Freeman attorneys on May 24, 2010, were supported by the affidavits of Charles, John and Violette and attorneys Livingstone and Freeman, all of which reflects the following, as paraphrased by us and set forth by us in indented form:

> In a conference call on April 22, 2010, initiated by John and attended by the Ward, Charles, Violette, Megan Livingstone, a0nd James Freeman, the Ward responded appropriately to questions from the Freeman attorneys and informed them that he wanted them to represent him and help him be removed from the nursing home. The Ward wanted to reside in his own home even if that meant 24 hour professional medical help and according to the Ward and the three siblings there were sufficient funds available to fund such care. The Ward did not understand that he was bein

On May 25, 2010, attorney Owens filed an answer on behalf of John and Violette and an "omnibus" response to all pending motions. In the latter, John and Violette took the position that Robbins could not act as both attorney ad litem and guardian ad litem and that the "spirit and intent of the [o]rder" was to appoint him as guardian ad litem.

On or about May 27, 2010, the Freeman attorneys filed a motion to withdraw as counsel for Charles and to substitute attorney Owens. Also, John and Violette amended their answer to include a counterclaim asking that the other Siblings be appointed co-conservators if the court finds that a conservator is needed. Many of the above-referenced pleadings, and some others, were scheduled to be heard on May 28, 2010. However, the court did not reach this matter on its May 28 docket. It continued the hearing, apparently to August 17, 2010.

Eventually, the Plaintiffs filed a response to the Freeman attorneys' motion to withdraw asking that the court treat the withdrawal as "complete" including withdrawal as counsel for the Ward. The response pointed out that the status of the Freeman attorneys was clearly at issue based on other pleadings in the case; the Plaintiffs took the position that the Ward "is being ably and capably represented by David L. Robbins." The response attached as exhibit A a copy of a check to the Freeman attorneys in the amount of $4,000 drawn on

-4-

the Ward's bank account and signed by Charles. The response asked that the court exercise its discretion to "enter an Order mandating the withdrawal of the James A. Freeman law firm from representation of any party in this case," and took the position that Supreme Court Rule 8, RPC §§ 1.14, 1.16, 1.6, 1.7 support the full and complete withdrawal of counsel.

On or about June 30, 2010, Robbins filed an answer to the complaint in which he took the position that a conservator is needed but, an independent third party should be appointed rather than the Plaintiffs. He also filed a report that consists of (a) conflicting accounts from the Plaintiffs and the other Siblings about the extent of the Ward's limitations and other matters; (b) summaries of interviews of medical providers including the Ward's long-time physician who stood by the assertion that the Ward was unable to care for himself; and (c) Robbins' interview of the Ward. The interview narrative states as follows:

> On May 24, 2010, May 26, 2010, and May 28, 2010, I traveled to Lifecare and met with Mr. Allen in his room. Although I had met Mr. Allen briefly on April 6 . . . , he did not recall me on my first interview, but readily identified me on my second and third. Mr. Allen is slow to respond and though he is sometimes quick to give a response, he has said that he does not know why he is giving that response. I suspect that he may be under the undue influence of some family members and does not speak of his own free will. I explained to Mr. Allen my role as a court appointed attorney to represent him in the conservatorship and explained to him the nature of the conservatorship. He told me that he understood and the nature of our conversation led me to believe that he did have a basic understanding of the proceedings. He does recall speaking to the firm of James A. Freeman and Associates; he indicated to me that he did not call them. He does not recall signing the pleading titled, "ANSWER TO COMPLAINT FOR APPOINTMENT OF CONSERVATOR" on May 1, 2010 which was filed on his behalf via James A. Freeman, Jay Slobey, and Megan Livingstone. When prompted whether Mr. Allen would rather have me remain as counsel or whether he would rather hire another attorney, he indicated, "I guess I'll just stick with you." Mr. Allen was asked whether or not he felt that he could handle his finances or medical decisions, he replied that he "needed somebody." He also indicated that he can't remember things, has trouble seeing, and has trouble hearing.

(Capitalization in original.)

By order entered July 9, 2010, the court "removed" the Freeman attorneys as counsel for the Ward and held that "all pleadings filed by James A. Freeman & Associates, PC are hereby held for naught, given no force and effect, and stricken." For its reason, the order states,

> The Court FINDS that the [Ward] is being capably represented by David L. Robbins, a member of the Carter County Bar. The Court prohibits James A. Freeman & Associates, P.C. from representing [the Ward] in this case as [the Ward] already has a lawyer who is representing his interests in this cause.

(Capitalization in original.) The court set all remaining issues for hearing on August 17, 2010.

On or about July 28, 2010, the Freeman attorneys, acting on behalf of the Ward, filed an application in this court for permission to take an extraordinary appeal pursuant to Tenn. R. App. P. 10. The application identified

> two (2) Orders of the trial Court which warrant this Appellate Court's immediate review. The first one was signed by the trial Court the day after the original Petition for Conservatorship was filed in the Carter County Chancery Court . . . appointing David L. Robbins as an "Attorney ad Litem." However, the Order requires Mr. Robbins to act as a Guardian ad Litem, under Tenn. Code Ann. § 34-1-107, in direct contradiction to his purported role as Attorney for William J. Allen.
>
> The second Order dismissed the firm of James A. Freeman and Associates . . . as representatives for William J. Allen in this matter.

We granted the application in an order entered August 6, 2010. Our order did not specify the issues to be considered. The record confirms that a copy of our order granting permission to appeal was filed in the trial court on August 9, 2010. Nevertheless, as we have stated, the trial court purported to amend its previous orders in an order entered August 20, 2010. The trial court's last order recites that it is the result of a hearing held August 17, 2010; however, the Freeman attorneys and attorney Owens argue that no hearing was conducted. The record indicates that the Plaintiffs' attorney contacted the clerk and master to confirm that the matter

was removed from the docket and were told that the judge would not remove the case from the docket. The Plaintiffs' attorney, David W. Bush, along with Robbins and Owens appeared and the matter was discussed. The aforementioned order of August 20, 2010, was approved by attorney Robbins, signed by the judge, and, according to the certificate of service, mailed to attorneys Bush and Owens. It provides, in relevant part:

> The intent of the Court in appointing David L. Robbins to the position of Attorney ad Litem by Order of March 25, 2010 was specifically for William J. Allen to have an independent, professional third party to stand up for his interests and be his voice in this cause. Acting in said capacity, it is essential that the attorney conduct a thorough investigation of the physical, mental and financial status of his client. The fact that the Court has ordered the Attorney ad Litem to do this is not contrary to his duties as Attorney ad Litem. As such, the Court finds that the Attorney ad Litem has done nothing in this case to prejudice the rights or interests of William J. Allen in this cause. However, the Court does find it necessary to amend its order of March 25, 2010, which appoints David L. Robbins to serve as Attorney ad Litem pursuant to Tenn. Code Ann. § 34-1-107 and hereby amends its order to reflect that David L. Robbins is to serve as Attorney ad Litem pursuant to Tenn. Code Ann. § 34-1-125.

> IT FURTHER APPEARING TO THE COURT that William J. Allen is, and always has been, capably represented by David L. Robbins, that the James A. Freeman Law Firm, P.C. submitted pleadings despite an inherent conflict of interest in their representation of defendants Charles H. Allen and William John Allen and respondent William J. Allen, and that the James A. Freeman Law Firm, P.C.'s representation of William J. Allen has given the appearance of an obvious bias in favor of the defendant parties, Charles H. and William John Allen, this Court finds the removal of the James A. Freeman Law Firm, P.C. from these proceedings by Order entered July 9, 2010 was just, proper, and in the interests of justice.

> By this Order, the Court intends to correct any ambiguity in the prior Order and restate the Court's clear directive.

II.

We will repeat the issues identified by the Freeman attorneys verbatim as stated in their brief:

> Whether the March 25, 2010 Order "appointing Attorney Ad Litem and authorizing investigation of [the Ward's] physical and mental condition and financial affairs" is void because of the inherent conflict in the Order and should be vacated by this Court.
>
> Whether various Orders of the trial court [are] void as a result of their failure to comply with Tenn. R. Civ. Pro. 58.
>
> Whether the trial court's Order of July 9, 2010 removing [the Freeman attorneys] as personal counsel for [the Ward] and ordering all of their pleadings stricken from the court record violated [the Ward's] procedural and substantive due process rights under the Tennessee and United States Constitutions, and the Tennessee Conservatorship statute.
>
> Whether this Court should declare the Order of the chancellor executed and filed on August 20, 2010, well after this Court's decision to allow [this] Extraordinary Appeal Application, void and vacate the Order.

The Plaintiffs raise two issues of their own, which we will also quote verbatim from their brief:

> Whether the . . . James A. Freeman Law Firm's Rule 10 Extraordinary Appeal is a frivolous appeal and whether this matter should be remanded to the Trial Court for a hearing on assessment of damages pursuant to Tenn. Code Ann. § 27-1-122.
>
> Whether the conduct of the defendants and the . . . James A. Freeman Law Firm justifies a remand to the Trial Court for a hearing on sanctions and compliance with the requirements of the Code of Professional Responsibility.

III.

The standard of review in an extraordinary appeal is "the same standard that would have been applied to the issue(s) in an appeal as of right." *Peck v. Tanner*, 181 S.W.3d 262, 265 (Tenn. 2005). The standard for reviewing a trial court's disqualification of an attorney varies depending on the circumstances of the disqualification. *In re Ellis*, 822 S.W.2d 602, 606 (Tenn. Ct. App. 1991). Usually, an appellate court will review a disqualification order for abuse of discretion. *Id*.; *Moody v. Hutchison*, 247 S.W.3d 187, 200 (Tenn. Ct. App. 2007). If, however, the disqualification is based on undisputed conduct, none of which happened in open court, the standard is the same as reviewing a trial courts findings of fact. *Ellis*, 822 S.W.2d at 606. In other words, in such cases, we presume the disqualification was proper unless the evidence preponderates to the contrary. *See* Tenn. R. App. P. 13 (d). A trial court's failure to appoint a guardian ad litem has been treated as a conclusion of law subject to *de novo* review. *In re Adoption of D.P.E.*, No. E2005-02865-COA-R3-PT, 2006 WL 2417578 at *2 (Tenn. Ct. App. E.S., filed Aug. 22, 2006).

IV.

A.

We begin with the issue of whether the trial court erred in entering the order of August 20, 2010, amending its earlier order. Clearly the trial court erred and the order must be vacated. Much is made of the lack of notice to the Freeman attorneys and of attorney Owens' denial of having received a copy of the order. We are unwilling to vacate the order on this basis. Freeman was technically not counsel of record at that point, and service of the order on Owens was considered complete upon mailing. Tenn. R. Civ. P. 5.02(1). We have no basis upon which to find that Robbins in fact did not mail the notice to attorney Owens. We do, however, vacate the order of August 20, 2010, as a matter outside the trial court's jurisdiction. It was entered after this Court obtained jurisdiction of this case by virtue of our order granting permission to appeal. The Rules of Appellate Procedure contemplate two types of appeals to the Court of Appeals, appeals as of right and appeals by permission. A party has the absolute right to appeal a final judgment by filing a timely notice of appeal pursuant to Tenn. R. App. P. 3. In appeals as of right from a final judgment, the trial court loses jurisdiction of the case upon the filing of the notice of appeal. *Born Again Church v. Myler Church Building Systems*, 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007). Appeals by permission of interlocutory orders are governed by Tenn. R. App. P. 9 and 10. *See* Tenn. R. App. P. 3, Advisory Commission Comments to Subdivisions (a) and (b). In Rule 9 appeals, the norm is for the trial court to retain jurisdiction of the case, except for the issues being appealed. Tenn. R. App. P. 9(f)("The application for permission to appeal or the grant thereof shall not stay proceedings in the trial court unless the trial court or the appellate court

-9-

or a judge thereof shall so order."). In Rule 10 appeals, "[t]he appellate court may issue whatever order is necessary to implement review under this rule." Tenn. R. App. P. 10(a). When the order granting permission to appeal is not specific as to the issues to be considered, this court has jurisdiction to consider issues outside those raised in the application for permission to appeal. *Heatherly v. Merrimack Mutual Fire Ins. Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000).

In the present case, we did not specify the issues for appeal. It is also true that we did not state in our order granting the appeal that the trial court was not to act further with regard to the disqualification of the Freeman attorneys or the qualification of attorney ad litem Robbins. However, it should have been very obvious to the trial court that by granting permission for an extraordinary appeal on the basis of the only two orders entered by the trial court thus far in the present case, we intended to take jurisdiction over any part of the case that turned upon those two orders. Accordingly, we hold that the trial court was without jurisdiction to enter its order of August 20, 2010, amending one of those orders, the one entered March 25, 2010, appointing Robbins.

B.

We move now to the issue of whether the trial court erred in its March 25, 2010, ex parte order appointing attorney Robbins to act as attorney ad litem for the Ward. The other Siblings and the Freeman attorneys base their challenge to the order primarily on the order's failure to observe the difference between the duties and loyalties required of an attorney ad litem on the one hand and a guardian ad litem on the other. As we have set out in detail above, the order named Robbins "Attorney ad Litem" but required him to "investigate the physical, mental and financial status of [the Ward]; determine if [the Plaintiffs] are the appropriate persons to be appointed; review any proposed property management plan; and pursuant to T.C.A. § 34-1-107, submit a written report to the court." He was given access by the order to all of the Ward's financial and health records.

We note that neither attorney Robbins nor the Plaintiffs are willing to characterize Robbins as a guardian ad litem despite the obvious overlap in what he did and what guardians ad litem do. They all insist he was acting at all times as a zealous advocate for the Ward. We are unable to agree. Whatever good intentions Robbins had regarding his actions for the Ward were thwarted by the internal conflicts in the order, and the absence of a guardian ad litem to do what is required of that officer of the court.

One problem we have with the position of the Plaintiffs and Robbins is that, by the statutory language, the trial court "shall appoint a guardian ad litem" unless certain exceptions are met. Tenn. Code Ann. § 34-1-107(a)(1)(2007). None of those exceptions are

implicated by the facts of this case. We realize that the "court may waive the appointment of a guardian ad litem if the court determines the waiver is in the best interests of the . . . disabled person." *Id*. 107(a)(3). However, in the instant case, the court made no such determination. Thus, the court got the proverbial cart before the horse in purporting to appoint an attorney ad litem without the input of a separately-identified guardian ad litem.

The actions that attorney Robbins was ordered to take, and did take, and the powers granted to him are completely within the realm of duties of a guardian ad litem as set forth in Tenn. Code Ann. § 34-1-107. The guardian ad litem is, by definition, "not an advocate for the respondent." Tenn. Code Ann. § 34-1-107(d)(1). The guardian ad litem's primary duty is to the court with the focus of that duty being "to determine what is best for the respondent's welfare." *Id*. On the other hand, the attorney ad litem is "an advocate for the respondent in resisting the requested relief," even if that is not necessarily what is best for the respondent's welfare. Tenn. Code Ann. § 34-1-125. The legislature has clearly decided that when an attorney ad litem is appointed, the best interest of the respondent will be served by the adversarial nature of the proceeding with the court having the ultimate say of what is in the respondent's best interest. *See In re Conservatorship of Groves*, 109 S.W.3d 317, 349 (Tenn. Ct. App. 2003). An attorney ad litem has an obligation to protect the confidentiality of conversations with the client, whereas the guardian ad litem has the statutory obligation to disclose the content of conversations with the potential ward. *Compare* Tenn. Code Ann. § 23-3-105 (2009) (attorney forbidden from disclosing communications from client) *with* Tenn. Code Ann. § 34-1-107 (f)(guardian ad litem shall make a report disclosing certain communications of the respondent). In short, despite arguments to the contrary, the offices are, generally speaking, mutually exclusive.

We therefore hold that the trial court erred in failing to appoint a guardian ad litem and in purporting to appoint an attorney ad litem to fulfill the duties of a guardian ad litem that are inconsistent with the duties of an attorney ad litem. The order of March 25, 2010, will be vacated. On remand the court will appoint a guardian ad litem pursuant to Tenn. Code Ann. § 34-1-107, to fulfill the duties set forth therein including, but not limited to, considering whether an attorney ad litem should be appointed. Since attorney Robbins insists he has been acting as attorney ad litem, an office we have found to be inconsistent with the office of guardian ad litem, attorney Robbins should not be the appointed guardian ad litem or attorney ad litem. Because of our disposition of this issue on the merits, we do not reach the swearing contest as to whether one or all the other Siblings or the Ward received proper notice of the order.

We move now to the issue of whether the trial court erred in prohibiting the Freeman attorneys from representing the Ward. We will not consider the trial court's comments in its order entered after we took jurisdiction of the case. The only reason given in the July 9,

2010, order for the disqualification is that "the [Ward] is being capably represented by David L. Robbins . . . ." We have held that Robbins' appointment cannot stand. If the disqualification of Freeman is to stand, it must be on other grounds. We are empowered on appeal to sustain the trial court's order if it reached the correct result for the wrong reasons. *See **Delapp v. Pratt***, 152 S.W.3d 530, 542 (Tenn. Ct. App. 2004)("If the Trial Judge reached the right result for the wrong reason, there is no reversible error.")(*quoting **Shutt v. Bount***, 249 S.W.2d 904, 907 (Tenn.1952)).

We sustain the disqualification of the Freeman attorneys on the authority of ***In re Ellis***, 822 S.W.2d at 602, including the similarities between the present case and ***Ellis***. In the latter case, the ward was Nellie K. Ellis. After her husband's death, Mrs. Ellis began to rely heavily on a former employee, Mr. Green, and his wife, Mrs. Green. At age 85, Mrs. Ellis was diagnosed with dementia secondary to Alzheimer's disease and a stroke. The Greens' attorney, Mr. Clark, advised his clients that they should hire Clark's daughter, Dinah Clark, to file an action for conservatorship asking that Mrs. Green be appointed conservator. That happened and the trial court appropriately appointed a guardian ad litem. The guardian ad litem encountered resistance from Mrs. Green in accessing records. Eventually, several relatives of Mrs. Ellis filed counterclaims for appointment of a conservator from within their respective camps. Dinah Clark filed a response to the counterclaims purporting to act on behalf of both Mrs. Ellis and Mrs. Green. Both parties signed the response. Mr. Clark then entered the fray claiming to have been hired by Mrs. Ellis as her sole advocate. He filed a statement of his interactions with Mrs. Ellis. The trial court prohibited Mr. Clark from representing Mrs. Ellis, from interfering with the investigation of the guardian ad litem, and from placing another attorney with Mrs. Ellis to act on her behalf. ***Id***. at 605. This Court affirmed in an extraordinary appeal granted pursuant to Tenn. R. App. P. 10. We stated:

> When a lawyer's authority to represent a client is questioned, either by another party or by the court, the attorney must demonstrate his or her authority. . . .
>
> * * *
>
> The conservatorship proceedings were already well under way when Mr. Clark attempted to enter the case as Mrs. Ellis' lawyer. By that time, there was already substantial doubt concerning Mrs. Ellis' competency and her capacity to enter into contracts. The probate court had already received a verified petition, supported by the affidavits of Mrs. Ellis' doctors, stating that Mrs. Ellis was not "able to handle her financial affairs" and had already appointed a guardian ad litem for her.

Mr. Clark attempted to enter the case without consulting Mrs. Ellis' guardian. In the face of objections by the guardian and Mrs. Ellis' family, he made no effort to present evidence, other than his own self-serving assertions, that Mrs. Ellis was competent to retain counsel or that she had, in fact, retained him to represent her. This lack of proof is fatal to Mr. Clark's position here.

The formation of a contract requires the existence of parties capable of contracting. The ability to act "with judgment and discretion" is not required in order to be able to contract. All that is required is that the party understand in a reasonable manner the nature and consequences of his or her transactions.

The probate court is the ultimate guardian of the persons seeking its care and protection. . . . The uncontradicted medical evidence shows that Mrs. Ellis' mental condition had "declined" and in June, 1990 was "chronic" and "poor." Mrs. Ellis' attending physicians stated that she required a guardian "to handle her financial affairs." The only reasonable conclusion to be drawn is that Mr. Clark cannot undertake to represent Mrs. Ellis at this stage of the proceedings because he has failed to show that she is capable of retaining counsel and that she has retained him.

We affirm the trial court's disqualification of Mr. Clark and remand the case to enable the probate court to conduct a full and final hearing on Mrs. Ellis' competency. We also tax the costs of this appeal to Walter S. Clark, Jr. for which execution, if necessary, may issue.

If the probate court determines that Mrs. Ellis is competent and if Mrs. Ellis desires to be represented by Mr. Clark, then the court may again consider whether Mr. Clark has complied with the requirements of the Code of Professional Responsibility with regard to representing clients with potentially differing interests. If the probate court finds that Mr. Clark's conduct has not been consistent with the Code of Professional Responsibility, it may disqualify him on those grounds and send a copy of the entire court record to the Board of Professional Responsibility

*Id*. at 606-607 (footnotes and citations omitted).

If anything, the facts in the present case are more compelling for disqualification than *Ellis*. By the time the Freeman attorneys tried to involve themselves in the case, the trial court had purported to appoint an attorney whom the Freeman attorneys simply chose to ignore. Even though we have vacated that order, we have now required the appointment of a guardian ad litem. Knowing full well that the Ward's fate was in the court, that the Ward's doctor of longstanding was opining that the Ward could not care for his person and his property, and that the court had entered an order appointing an attorney ad litem the Freeman attorneys interviewed the Ward and accepted a check drawn on the Ward's account for their potential retainer without so much as acknowledging the court's or attorney's existence. It is true that the Freeman attorneys have filed numerous affidavits, but they are all from the same camp and just as "self serving" as Mr. Clark's statement in *Ellis*. On these facts alone, we sustain the disqualification without reaching the alleged conflict of interest between the Ward and Charles Allen on whose behalf the Freeman attorneys also filed pleadings.

We will not labor over the assertion of the Freeman attorneys with respect to the Ward's alleged constitutional rights to be autonomous. All that is required in the present case is supplied by *Ellis*. In the *Ellis* opinion, this Court recognized the importance of autonomy, but affirmed the trial courts authority to disqualify an overreaching attorney.

We decline the request of the Plaintiffs to treat this as a frivolous appeal. A frivolous appeal is one that is utterly devoid of merit. *Whalum v. Marhsall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006). The decision rests solely in our discretion. *Id*. We have sustained some of the contentions of the Freeman attorneys and the other Siblings as to the order appointing an attorney ad litem and amending that order.

We also decline the request to sanction the Freeman attorneys or remand for sanctions based on unspecified improper "conduct." The request made by the Plaintiffs is not supported with any legal authority. "A party waives an issue on appeal by failing to brief it, even if it is . . . listed as an appellate issue." *Wilson v. Harris*, 304 S.W.3d 824, 829 (Tenn. Ct. App. 2009)(*quoting Blair v. Badenhope*, 940 S.W.2d 575, 576 (Tenn. Ct. App. 1996)). Consistent with the observations in *Ellis*, if, on remand, an attorney ad litem and/or conservator is appointed they are free to make an issue of any actions of the Freeman attorneys alleged to have injured the Ward. Otherwise, also consistent with our comments in *Ellis*, the alleged improper conduct may be brought to the attention of the appropriate body.

V.

The orders of the trial court are vacated in part and affirmed in part.  The order of the trial court entered March 25, 2010 is vacated, as is the order entered August 20, 2010.  The order of the trial court entered July 9, 2010, prohibiting the Freeman attorneys from representing the Ward is affirmed.  Costs on appeal are taxed to the appellants Jay R. Slobey, James A. Freeman, III, and Megan E. Livingstone.  This case is remanded, pursuant to applicable law, for appointment of a guardian ad litem and other proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE